IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-203-BO

| | |
|---|---|
| LILLIAM MERWIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 26, 28]. A hearing was held in Elizabeth City, North Carolina, on May 19, 2016. For the reasons detailed below, this matter is remanded for further proceedings.

## BACKGROUND

Plaintiff, Lilliam Merwin, applied for disability insurance benefits and supplemental security income on February 23, 2011, alleging an onset date of February 16, 2011. [Tr. 18]. Her claim was denied initially and upon reconsideration. *Id.* A video hearing was held before an Administrative Law Judge (ALJ) on July 24, 2013, with claimant appearing in Fayetteville, North Carolina. The ALJ issued an unfavorable decision for plaintiff on September 6, 2013. [Tr. 18–27]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on September 24, 2014. [Tr. 6]. Ms. Merwin then sought review in this Court. [DE 1].

Plaintiff was 46 years old on her alleged onset date. [Tr. 25]. Plaintiff has a high school education and past relevant work as a property manager and mobile home park manager. [Tr. 25]. Plaintiff has an anxiety disorder, depression, cervical and lumbar osteophyte complex, lumbar stenosis, gastroesophogeal reflux disease, and tympanic membrane puncture. [Tr. 20].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since February 16, 2011. [Tr. 20]. Next, the ALJ determined that plaintiff's history of anxiety disorder, depression, cervical and lumbar osteophyte complex, lumbar stenosis, gastroesophogeal reflux disease, and tympanic membrane puncture were severe impairments. *Id.* However, none of

plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 21]. The ALJ found that plaintiff was capable of performing light work with limitations to only occasional climbing of ramps/stairs/ladders/ropes/scaffolds and balancing/stooping/kneeling/crouching/ crawling/reaching. [Tr. 22]. Plaintiff would need to avoid loud noises but could handle occasional changes in the routine work setting and occasional close interaction with the public. *Id.* Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 25–26]. A vocational expert testified that these jobs would include employment as a night cleaner, routine clerk, and raw shellfish preparer. [Tr. 26]. Accordingly, the ALJ found that plaintiff was not disabled. [Tr. 27].

Plaintiff now seeks review of this determination on two grounds: first, that the ALJ erred in not making sufficient findings as to plaintiff's foot and ankle limitations and, second, that the ALJ erred in making inconsistent findings regarding plaintiff's ability to perform simple unskilled work. Plaintiff argues that the combination of these two errors demands a remand.

The Court will first address the inconsistency. At step four, the ALJ found that "claimant has additional non-exertional limitations that render ineffective any transferable skills that the claimant may have acquired, *and prevent the claimant from even simple, unskilled work.*" [Tr. 26] (emphasis added). As a result, the ALJ also found that "the claimant cannot be expected to make a vocational adjustment to other work." *Id.* However, the ALJ at step five, based on the VE's testimony and without any further explanation as to the change in findings, found that plaintiff *could* perform unskilled work, including representative work as a night cleaner, routine clerk, and raw shellfish preparer. *Id.* The ALJ did acknowledge that "claimant's ability to perform all or substantially all of the requirements of this level of work [light] has been impeded

3

by additional limitations," but this is still inconsistent with the ALJ's finding on the same page that plaintiff was incapable of even simple, unskilled work. *Id.* As these two findings cannot be reconciled, remand is appropriate.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Remand, rather than reversal, is required when the Court is precluded from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required.") (internal quotation marks omitted)). Upon remand in the instant matter, the Commissioner is to remedy the inconsistency in the ALJ's current decision, consider whether an RFC of sedentary is more appropriate in light of plaintiff's foot and ankle impairments [Tr. 379–406], and account for plaintiff's non-exertional limitations.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED [DE 26], defendant's motion for judgment on the pleadings is DENIED [DE 28], and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this __14__ day of June, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4